LOTTINGER, Judge.
Plaintiff-appellee sued defendant-appellant alleging that defendant placed an un *240 authorized mortgage against the property of plaintiff in order to obtain funds for personal use. Plaintiff asked that the mortgage be removed and for judgment against the defendant for amounts paid by plaintiff and which would have to be paid by plaintiff as a result of the alleged unauthorized mortgage. Defendant has appealed from a judgment in plaintiff’s favor in the amount of $3,054.42, together with interest thereon at the rate of 7% per annum from the date of the judgment.[1]
This litigation involves two mortgages placed on the property of plaintiff, Greater Pleasant Green Baptist Church of Baton Rouge, Inc. (hereinafter referred to as the Church). Both of the mortgages were placed on the property by defendant David Robertson, president of the Church’s trustees. It is undisputed that the Church approved the first loan and mortgage dated December 15, 1966. It is also undisputed that said mortgage was cancelled in August, 1967 and a new mortgage dated August 29, 1967 was recorded on the Church’s property.
It appears from the record that the loan and mortgage dated August 29, 1967 came to the attention of the Church when an insurance claim for wind damage arose and the settlement check came made payable to the mortgagee as well as to the Church. While the documents in connection with the new mortgage were signed by certain other officers of the Church’s trustees, the officers testified that they did not know what they signed and signed whatever the defendant requested. At any rate, there is no record or evidence of a meeting or authority being given for the new mortgage.
The first of the two loans was made for the purpose of making repairs to the Church. This work was to be done by Robert Boykin, who the defendant made a third party defendant alleging that Boykin had not done the work he had agreed to do.
The Trial Judge, after hearing the testimony of the various witnesses, dismissed the third party demand against Boykin and rendered judgment against the defendant, David Robertson for $3,054.52. He found that David Robertson continued to receive the monthly payment of $66.00 per month from the Church after the loan should have been paid off for eight months or a total of $528.00. He also found that the Church paid monthly installments of $73.63 on the unauthorized mortgage from March 1975 to September 1975 or a total of $515.41 to prevent foreclosure on the second mortgage. The promissory note secured by the second mortgage had a balance of $1,911.38 due at the time of trial of this matter. These three items total $2,954.52 rather than $3,054.52 as awarded by the Trial Court, and the judgment should be amended accordingly.
Appellant presents nothing to this court except a request that the Trial Judge’s findings of fact be reversed.
There is ample testimony in the record supporting the Trial Judge’s conclusion that the second mortgage entered into by defendant in behalf of the Church was unauthorized and also that the work in question was done by Robert Boykin.
The jurisprudence of this state is well settled that a reasonable evaluation of credibility and of inferences of fact by the Trial Court will not be disturbed on appeal. Canter v. Koehring, 283 So.2d 716 (La.1973) citing numerous authorities.
The judgment of the Trial Court in favor of Greater Pleasant Green Baptist Church of Baton Rouge, Inc. and against David Robertson in the sum of $3,054.52 is amended to read the sum of $2,954.52, and in all other respects, the judgment is affirmed. Defendant-appellant is to pay all costs of this appeal.
AMENDED AND, AS AMENDED, AFFIRMED.

. Though plaintiff prayed for cancellation of the unauthorized mortgage, the Trial Court judgment was properly limited to a monetary award.